IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MARY HARLESS,          )
                       )
         Plaintiff,    )
                       )
    vs.                )
                       )
CITIMORTGAGE, INC.,    )
doing business as      )
CITIFINANCIAL MORTGAGE )   1:06-cv-1391-SEB-VSS
COMPANY, INC.,         )
                       )   **JURY DEMANDED**
         Defendant.    )

## COMPLAINT

### INTRODUCTION

1.   Plaintiff Mary Harless brings this action to secure redress for violations of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

### JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1332 (diversity) and 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendant transacts business in the District and is deemed to reside here. The amount in controversy exceeds $75,000.

### PARTIES

3.   Plaintiff Mary Harless is a resident, domiciliary and citizen of Anderson, Indiana.

4.   Defendant CitiMortgage, Inc., d/b/a CitiFinancial Mortgage

1

Corporation, is a New York corporation. Its principal place of business is located in either Maryland or Missouri, but not Indiana. Its registered agent is CT Corporation System, 251 East Ohio Street, Suite 1100, Indianapolis, IN 46204, or 208 S. LaSalle St., Chicago, IL 60604. It transacts business in Indiana.

## FACTS

5. On or about September 14, 2005, Ms. Harless obtained a mortgage from Ameriquest Mortgage Company in the amount of $111,000.

6. Ms. Harless used the proceeds for personal, family or household purposes, namely to refinance the mortgage on her home and pay other bills incurred for such purposes.

7. Ameriquest is a Delaware corporation with its principal place of business in California.

8. The loan was subject to rescission under the Truth in Lending Act, 15 U.S.C. §1635, for the following reasons:

   a. All copies of the Federal Reserve Board notice of right to cancel furnished her are missing the "final date to cancel", a violation of 12 C.F.R. § 226.23(b)(1)(v).

   b. The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel.

   c. Further, the "one week" cancellation notice is misleading, as the period given is actually only six days long. Ameriquest's own personnel found this confusing, and were issued a "job aid" at the beginning of each month listing the

expiration dates for the official and "one week" cancellation notices for loans closed each day during the month. No such assistance was provided borrowers.

## VIOLATION ALLEGED

9. In order to give consumer borrowers the opportunity to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three days of receiving notice of their right to rescind, whichever is later. More specifically, the statute, provides that:

> **Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. (15 U.S.C. § 1635(a)).**

10. To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> **When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to**

3

reflect the termination of any security interest created under the transaction. (15 U.S.C. § 1635(b).)

11.     To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section. (15 U.S.C. § 1635(a).)**

12.     Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.

13.     More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> **(i) The retention or acquisition of a security interest in the consumer's principal dwelling.**
>
> **(ii) The consumer's right to rescind the transaction.**
>
> **(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
>
> **(iv) The effects of rescission, as described in paragraph (d) of this section.**

(v) **The date the rescission period expires. (12 C.F.R. § 226.23(b)(1).)**

**DEFENDANT'S INVOLVEMENT WITH LOAN**

14. Plaintiff exercised her right to cancel with respect to Ameriquest and filed suit to enforce it in this Court on May 1, 2006. This action, 1:06cv695, has been transferred to Chicago, Illinois, by the Judicial Panel on Multidistrict Litigation.

15. Defendant CitiMortgage, Inc. now claims to have acquired an interest in the loan in question and is threatening to enforce it against plaintiff.

16. Plaintiff contends that no valid note and mortgage exist, they having been rescinded, and that CitiMortgage, Inc. is not entitled to enforce it.

17. Under TILA, the right to rescind may be exercised against any assignee. 15 U.S.C. §1641(c).

18. There is a genuine controversy concerning the matter between plaintiff and CitiMortgage, Inc.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

    a. A judgment declaring void plaintiff's mortgage, capable of recordation in the public records, and binding on defendant;

    b. If appropriate, statutory damages for failure to rescind;

    c. Attorney's fees, litigation expenses and costs.

    d. Such other or further relief as the Court deems appropriate.

_____
Daniel A. Edelman

5

Daniel A. Edelman
Al Hofeld, Jr.
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

_____
Daniel A. Edelman

T:16459\Pleading\Complaint-citif_Pleading.WPD